UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| THEODORE RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CV-54 JD |
| | ) | |
| WHITE COUNTY, WHITE COUNTY SHERIFF PATRICK E. SHAFER in his individual and official capacity, WHITE COUNTY SHERIFF'S DEPARTMENT, and UNKNOWN OFFICERS OF THE WHITE COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

In the summer of 2013, Plaintiff Theodore Rodriguez was jailed in White County, Indiana, for an outstanding speeding ticket and for driving with a suspended license. On July 6, 2013, another prisoner assaulted Rodriguez. Rodriguez contends that he was attacked despite his earlier complaints to jail personnel about "problems" with his assailant, and that he contracted MRSA from the other prisoner as a result of the altercation.

Rodriguez filed this lawsuit on July 6, 2015, against the above-captioned Defendants. [DE 1] He levied the following federal claims indiscriminately against all Defendants via 42 U.S.C. § 1983: (1) maintaining a custom or policy of not properly classifying and segregating prisoners; (2) maintaining a custom or policy of failing to train and/or supervise jail personnel; (3) maintaining a custom or policy of overcrowding, understaffing, and underfunding the jail; (4) a deliberate indifference claim for failing to provide timely medical care; and (5) failing to provide prompt medical attention based upon his race/ethnicity. He also filed an Indiana state law claim for negligence.

1

Defendants filed for summary judgment on all claims [DE 26] and supported their arguments with the only source of evidence in this entire case: Rodriguez's deposition. [DE 27, 27-1] In response to the motion for summary judgment, Rodriguez conceded all of the facts as set forth by Defendants, except for one "material fact of whether Defendants were negligent in keeping [him] free from harm …." [DE 30] Rodriguez does not defend against summary judgment on his federal claims and asks the Court to deny summary judgment only with respect to his state law negligence count. *Id.* Accordingly, the Court will accept Defendants' version of the facts as true, grant summary judgment as to Rodriguez's federal claims, and relinquish supplemental jurisdiction over his Indiana negligence claim.

## STANDARD OF REVIEW

On summary judgment, the moving party bears the burden of demonstrating that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *King v. Preferred Tech. Grp.*, 166 F.3d 887, 890 (7th Cir. 1999).

**DISCUSSION**

Rodriguez does not defend against Defendants' motion for summary judgment on his federal claims and the Court will not create defenses for him. Rodriguez's opposition only argues that a material fact exists as to whether Defendants were negligent, under Indiana state law, in failing to segregate a potentially dangerous prisoner from the rest of the population. [DE 30] Specifically, he testified that his attacker had threatened him and that he reported those threats to one of the jail officers [Rodriguez Dep. at 37-38], thereby establishing the requisite knowledge to set up his negligence claim. These details do not impact Rodriguez's federal claims.[1]

Rodriguez's state law claim for negligence will be dismissed without prejudice. The supplemental jurisdiction statute provides that the district court "may decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Although the decision is discretionary, '[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.'" *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). This presumption may be displaced only in certain circumstances, namely when:

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* (citing *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009)).

---

[1] Rodriguez presents this issue solely as a matter under Indiana's state negligence law and not as a claim for deliberate indifference under § 1983. For example, not only did he plead as much [DE 1], but in his opposition to the instant motion, he continues to present a state law action, setting forth the elements for negligence and citing Indiana cases. [DE 30]

Here, Rodriguez will not be time-barred from refiling his state law claims in state court. Depending on who he files against, either a two-year or five-year statute of limitations applies to Rodriguez's negligence claim. *See* Ind. Code § 43-11-2-4(a)(1) (two-year statute of limitations for injury to person); § 34-11-2-6 (five-year statute of limitations for lawsuits against sheriffs or public officers growing out of liability incurred during the commission of official acts). Tort claims accrue and the statute of limitations begins to run when the plaintiff discovers, or in the exercise of ordinary diligence, could discover, that he has sustained an injury caused by another person's tortious act. *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992). At the very earliest, Rodriguez's negligence claim accrued on July 6, 2013, when he realized his injury. He filed this lawsuit two years later, on July 6, 2015. The supplemental jurisdiction statute tolls the period of limitations for supplemental state law claims while pending in federal court for a period of thirty days from when the court dismisses them, unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d); *Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018). Rodriguez timely filed his tort claims with this Court, and thanks to the tolling provision, he will have ample time to refile them in state court should he choose to do so regardless of which limiting statute applies.

When considering any judicial resources expended, this case has remained relatively quiet considering that the instant motion for summary judgment represents the only dispositive motion filed in this matter to date. *Cf. Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722 (7th Cir. 2001) (considering protracted nature of case and substantive orders in reversing district court's decision to relinquish supplemental jurisdiction over state law claims). Even still, "[e]valuating considerations of judicial efficiency and duplication of judicial effort is not just a matter of toting up months or motions or the page counts of judicial orders." *RWJ*

*Mgmt.*, 672 F.3d at 481. Instead, "concerns about judicial economy have their greatest force when significant federal judicial resources have already been expended to decide the state claims, or when there is no doubt about how those claims should be decided." *Id.* (citing *Dargis v. Sheahan*, 526 F.3d 981, 990-91 (7th Cir. 2008); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)).

Here, in reaching summary judgment on Rodriguez's federal claims, the Court has not decided any dispositive issues relating to his state claim for negligence. *See Shackleford v. D&W Fine Pack, LLC*, No. 1:15-CV-282, 2017 WL 371627, at *5 (N.D. Ind. Jan. 25, 2017) (relinquishing jurisdiction over the plaintiff's pendant supplemental claims where, in deciding the plaintiffs federal claim, the court did not decide an issue dispositive of the state law tort). For these reasons, the Court will dismiss Rodriguez's negligence claim, without prejudice.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS IN PART** Defendants' motion for summary judgment [DE 26] with respect to Rodriguez's federal claims (Counts I and II). The Court also **DISMISSES** Rodriguez's state law claim (Count III), without prejudice. As this Order disposes of all of Plaintiff's claims against all Defendants, the Clerk is hereby **DIRECTED** to enter judgment.

SO ORDERED.

ENTERED: February 21, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court